IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| S. VICTOR WHITMILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 4:11-cv-752 |
| v. | ) |
| | ) |
| WARNER BROS. ENTERTAINMENT INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S EXPEDITED DISCOVERY REQUESTS**

Pursuant to the Court's Order of May __, 2011 (Doc. __), and in accordance with the Federal Rules of Civil Procedure, Plaintiff S. Victor Whitmill hereby serves upon Defendant Warner Bros. Entertainment Inc. his expedited discovery requests:

**DEFINITIONS**

The terms "defendant" and "you" refer to Warner Bros. Entertainment, Inc., its agents, servants, employees, attorneys, partners, licensees, divisions, affiliates, and parent corporation(s).

The term "Movie" refers to the motion picture **THE HANGOVER 2**.

The term "Original Tattoo" refers to the tattoo on the upper left side of the face of Mike Tyson, a photograph of which is displayed on page __ of the Verified Complaint in this case.

The term "Pirated Tattoo" refers to the tattoo on the upper left side of the face of the Stu Price character in the Movie, played by actor Ed Helms, a photograph of which is displayed on page __ of the Verified Complaint in this case.

The term "document(s)" is defined to be synonymous in meaning and equal in scope to the usage of this term in the Federal Rules of Civil Procedure 34(a), including, without limitation, any type

**EXHIBIT A**

of written, recorded, electronic, graphic or photographic matter of any kind or character, however produced or reproduced.

The term "communication" means any oral or written transmittal, electronic communication, correspondence, and/or receipt of words or information, in the form of facts, ideas, inquiries or otherwise, whether such was by chance, pre-arranged, formal or informal, and specifically includes but is not limited to conversations in person, telephone conversations, telegrams, telexes, facsimiles, letters, emails, text messages or other electronic form of communications, reports or memoranda, formal statements, newspaper stories, notes of telephone conversations, notes of meetings, data compilations, and electronically stored data. References to communications with business entities shall be deemed to include communications with all officers, directors, employees, agents, attorneys or other representatives of such entities.

## INTERROGATORIES

Plaintiff propounds the following interrogatories to Defendant to be answered in writing and under oath in accordance with Federal Rule of Civil Procedure 33 and the Court's Order (Doc. __),  no later than May __, 2011.

Interrogatory No. 1:  Do you take the position that your use of the Pirated Tattoo is a licensed or otherwise legal use of the Pirated Tattoo?  If so:

A.  Summarize each basis or reason for your position;

B.  Separately identify all communications, documents and other things that evidence or relate to the subject matter of this interrogatory, including communications, documents and other things that might not support any of those bases or reasons you identified; and

C.  Identify the person(s) most knowledgeable regarding the subject matter of this `interrogatory.

**EXHIBIT A**

ANSWER:

Interrogatory No. 2:  Did you contact anyone regarding permission for your use of the Pirated Tattoo?  If so:

    A.  Identify each person you contacted

    B.  State the reason for your contact and briefly describe the nature of that contact;

    C.  Separately identify all communications, documents and other things the evidence or relate to the subject matter of this interrogatory;

    D.  Identify the person(s) most knowledgeable regarding the subject matter of this `interrogatory.

ANSWER:

Interrogatory No. 3: With respect to any response to a Request for Admission set forth below that is not an unequivocal admission:

    A.  Explain why your response in not an unequivocal admission;

    B.  Separately identify all communications, documents and other things the evidence or relate to the subject matter of your response to sub-part A this interrogatory for that Request for Admission; and

    C.  Identify the person(s) most knowledgeable regarding the subject matter of your response to sub-part A this interrogatory for that Request for Admission

ANSWER:

**EXHIBIT A**

<u>Interrogatory No. 4</u>: Have you entered into any agreements that license or otherwise permit the use of the Pirated Tattoo on anything outside the Movie itself?  If so:

A.  Briefly describe each such agreement;

B.  Separately identify all communications, documents and other things the evidence or relate to each such agreement; and

C.  Identify the person(s) most knowledgeable regarding each such agreement

ANSWER:


<u>Interrogatory No. 5</u>: Describe in detail the creation of the Pirated Tattoo, including:

A.  Who applied the Pirated Tattoo to the actor's face;

B.  What artwork or other reference materials were used or relied upon to create the Pirated Tattoo;

C.  When and how often was the Pirated Tattoo was applied to the actor's face;

D.  How and with what technique, tools and materials was the Pirated Tattoo applied to the actor's face;

E.  Separately identify all communications, documents and other things that evidence or relate to the creation of the Pirated Tattoo; and

F.  Identify the person(s) most knowledgeable regarding this interrogatory.

ANSWER:




**EXHIBIT A**

## REQUESTS FOR PRODUCTION
## OF DOCUMENTS AND THINGS

In accordance with Federal Rule of Civil Procedure 34 and the Court's Order (Doc. __), Plaintiff requests that Defendant produce the following documents and things for inspection and copying at the offices of Plaintiff's counsel no later than May __, 2011:

Request No. 1:   A DVD copy of the version of the Movie currently scheduled for public release and distribution later this Spring.

Request No. 2:  A script of the version of the Movie currently scheduled for public release and distribution later this Spring.

Request No. 3: All documents identified in, or which you were requested to identify in, your answer to the foregoing Interrogatories.

Request No. 4: All documents, communications and things evidencing or relating to your advertising, promotion and marketing of the Movie, including, without limitation, posters, print advertising, trailers, radio and television advertisements, Internet marketing, and exemplars of promotional merchandise.

Request No. 4: All documents, communications and things evidencing or relating to your plans for, creation of, and dissemination of advertising, promotion and marketing materials for the Movie.

Request No. 5: All documents evidencing or relating to any contention by you that your use of the Pirated Tattoo is a licensed, permitted, non-infringing or otherwise legal use.

Request No. 6: All documents evidencing or relating to any contention by you that the Pirated Tattoo does not infringe any copyright in the Original Tattoo. .

Request No. 7: All documents, communications and things evidencing or relating to the use of the Pirated Tattoo in the Movie.

**EXHIBIT A**

Request No. 8: All documents, communications and things evidencing or relating to the use of the Pirated Tattoo in the advertising, promotion and marketing materials for the Movie.

Request No. 9: All documents, communications and things evidencing or relating to any communications or agreements with the plaintiff in this action, Victor Whitmill.

Request No. 10.  All documents, communications and things evidencing or relating to any agreements whereby you license or otherwise permit the use of the Pirated Tattoo outside of the Movie itself.

Request No. 11.  All documents, communications and things evidencing or relating to artwork or other reference materials that were used or relied upon to create the Pirated Tattoo.

## REQUESTS FOR ADMISSION

In accordance with Federal Rule of Civil Procedure 35 and the Court's Order (Doc. __), Plaintiff requests that Defendant admit, for purposes of the pending action only, the truth of the following matters no later than May __, 2011:

Request No. 1: Defendant does not have an agreement with Plaintiff regarding the Original Tattoo or the Pirated Tattoo.

RESPONSE:

Request No. 2:  Defendant has not obtained a consent or license from Plaintiff regarding the Original Tattoo or the Pirated Tattoo.

RESPONSE:

Request No. 3: Defendant has never communicated with Plaintiff regarding the Original Tattoo or the Pirated Tattoo.

RESPONSE:

**EXHIBIT A**

<u>Request No. 4</u>: The Pirated Tattoo is contained in more than half of the trailers, posters, and other materials used to market, advertise and promote the Movie.

RESPONSE:

<u>Request No. 5</u>: The Original Tattoo is copyrightable.

RESPONSE:

<u>Request No.6</u>: Plaintiff Victor Whitmill created or authored the Original Tattoo.

RESPONSE:

<u>Request No. 7</u>: Plaintiff Victor Whitmill owns a valid copyright in the Original Tattoo.

RESPONSE:

<u>Request No. 8</u>: The Pirated Tattoo is a copy or reproduction of the Original Tattoo.

RESPONSE:

Respectfully submitted,

<u>/s/ Geoffrey G. Gerber</u>
Michael A. Kahn (#35411MO)
mkahn@brickhouselaw.com
Pete Salsich III (44886MO)
psalsich@brickhouselaw.com
Geoff G. Gerber (#47097MO)
ggerber@brickhouselaw.com
**The BrickHouse Law Group**
PROFESSIONAL CORPORATION
1006 Olive Street, Ste. 303
St. Louis, Missouri 63101-2048
Tel: (314) 932-1070

*Attorneys for Plaintiff*

**EXHIBIT A**