UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| S. VICTOR WHITMILL, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 4:11-cv-752 |
| | ) |
| v. | ) Judge Catherine D. Perry |
| | ) |
| WARNER BROS. ENTERTAINMENT, INC. | ) |
| | ) |
| Defendant. | ) |

**VERIFIED ANSWER TO VERIFIED COMPLAINT
FOR INJUNCTIVE AND OTHER RELIEF**

Defendant Warner Bros. Entertainment, Inc. answers plaintiff's Verified Complaint for Injunctive and Other Relief as follows:

**Introduction**

1.  Mr. Whitmill is a visual artist living in rural Missouri. Among his creations is one of the most distinctive tattoos in the nation, an original design he created on the upper left side of former world heavyweight champion boxer Mike Tyson's face (the "Original Tattoo") *(see* image on page 3, below). When Mr. Whitmill created the Original Tattoo, Mr. Tyson agreed that Mr. Whitmill would own the artwork and thus, the copyright in the Original Tattoo. Warner Bros. Entertainment, Inc. – without attempting to contact Mr. Whitmill, obtain his permission, or credit his creation – has copied Mr. Whitmill's Original Tattoo and placed it on the face of another actor in its upcoming motion picture, THE HANGOVER 2. For Mr. Whitmill, this case is not about Mike Tyson, Mike Tyson's likeness, or Mike Tyson's right to use or control his identity. This case is about Warner Bros. appropriation of Mr. Whitmill's art and Warner Bros. unauthorized use of that art, separate and apart from Mr. Tyson. Not only is this infringing copy (the "Pirated Tattoo") used throughout the movie, but Warner Bros. also uses the Pirated Tattoo extensively in advertisements and promotions without Mr. Tyson. *(See* image on page 5, below.) This unauthorized exploitation of the Original Tattoo constitutes copyright infringement.

**ANSWER:** Warner Bros. lacks knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff is a visual artist living in rural Missouri, that he created a tattoo on the upper left side of Mike Tyson's face or that Mr. Tyson agreed that

plaintiff would own the artwork and thus the copyright in such tattoo. Warner Bros. also lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning what plaintiff believes this case is "about." Warner Bros. admits that it did not contact plaintiff about its upcoming motion picture, THE HANGOVER PART II, but denies that it had any obligation to do so, denies that it has appropriated anything belonging to plaintiff, denies that it has committed copyright infringement and denies the remaining allegations in Paragraph 1.

### Jurisdiction and Venue

2. This is an action for copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"). The Court has subject matter jurisdiction under 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Warner Bros. admits the allegations in Paragraph 2.

3. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400 because defendant does business, may be found, and is subject to personal jurisdiction here.

**ANSWER:** Warner Bros. admits that venue is proper in this District.

### Plaintiff, His Art, and the Original Tattoo

4. Plaintiff S. Victor Whitmill is an award-winning visual artist who works in various mediums, including the creation, design, and application of tattoo art to bodies. He is a citizen of the State of Missouri and lives in a small town in the south-central portion of the state.

**ANSWER:** Warner Bros. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. On February 10, 2003, while living in Las Vegas, Nevada, Mr. Whitmill created and applied an original and distinctive tattoo to the upper left side of the face of the former, world heavyweight champion boxer Michael Gerard "Mike" Tyson (the "Original Tattoo"). True and accurate photographs of Mr. Whitmill in the process of tattooing the Original Tattoo onto Mr. Tyson and

of Mr. Tyson viewing the tattoo immediately after it was completed by Mr. Whitmill are displayed below and attached to this Complaint as Exhibits 1 and 2.

**ANSWER:** Warner Bros. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5.

6. Mr. Whitmill, doing business at the time as Paradox-Studio of Dermagraphics, is the sole creator, author, and owner of all rights, including copyright, in the Original Tattoo, which is original and fixed in a tangible medium of expression.

**ANSWER:** Warner Bros. denies the allegations in Paragraph 6.

7. On the day Mr. Whitmill created the Original Tattoo, Mr. Tyson signed a release form acknowledging "that all artwork, sketches and drawings related to [his] tattoo and any photographs of [his] tattoo are property of Paradox-Studio of Dermagraphics." (A true and accurate copy of the Feb. 10, 2003 Tattoo Release, redacted in accordance with the Court's rules is attached as Exhibit 3.)

**ANSWER:** Warner Bros. admits that a copy of a document entitled "Tattoo Release Form" is attached to the Verified Complaint as Exhibit 3. Warner Bros. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7.

8. A true and accurate photograph of Original Tattoo is shown to the right and attached as Exhibit 4.

**ANSWER:** Warner Bros. admits that a copy of what appears to be a photograph of Mr. Tyson, including Mr. Tyson's tattoo, is shown to the right of Paragraph 8 and attached to the Verified Complaint as Exhibit 4.

9. Plaintiff has registered the copyright in the Original Tattoo. A true and correct copy of the Certificate of Registration for the Original Tattoo, No. VA 1-767-704, is attached as Exhibit 5.

**ANSWER:** Warner Bros. admits that a copy of what appears to be a Certificate of Registration for a "Tribal Tattoo" is attached to the Verified Complaint as Exhibit 5. Warner

3

Bros. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9.

10. Plaintiff has never copied the Original Tattoo onto anyone else and has never licensed or otherwise authorized anyone else to copy, distribute, or publicly disseminate the Original Tattoo or make derivative works based upon it.

**ANSWER:** Assuming that the phrase "anyone else" means anyone other than Mr. Tyson, Warner Bros. admits that Mr. Tyson was licensed and authorized to copy, distribute, or publicly disseminate Mr. Tyson's tattoo but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

### Defendants' Infringement

11. On information and belief, Defendant Warner Bros. Entertainment, Inc. ("Warner Bros.") is a Delaware Corporation with its principal place of business at 4000 Warner Boulevard, Burbank, California. Warner Bros. is engaged in the production, acquisition and distribution of motion pictures for theatrical exhibition, home entertainment and other forms of distribution.

**ANSWER:** Warner Bros. admits the allegations in Paragraph 11.

12. Mr. Whitmill recently learned that Warner Bros. is planning to release a motion picture later this Spring entitled THE HANGOVER 2 (the "Movie").

**ANSWER:** Warner Bros. admits that it is planning to release a motion picture entitled THE HANGOVER: PART II on May 26, 2011. Warner Bros. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12.

13. On information and belief, the Movie features a virtually exact reproduction of the Original Tattoo, which appears on the upper left side of the Stu Price character's face, played by actor Ed Helms. As used in this Complaint, the term "Pirated Tattoo" shall refer to any version of the Original Tattoo that appears anywhere but where Mr. Whitmill originally created it, namely, on the upper left side of Mr. Tyson's face.

4

**ANSWER:** Warner Bros. admits that the Movie includes scenes in which the character of Stu Price, played by actor Ed Helms, appears with a "tattoo" on the upper left side of his face that is similar to Mr. Tyson's tattoo. Warner Bros. denies the remaining allegations in Paragraph 13, and in particular denies that the "tattoo" that appears on Mr. Helms's face in the Movie was "pirated" or is a "virtually exact reproduction" of Mr. Tyson's tattoo.

14. A close-up of the Pirated Tattoo from the advertising poster (attached as Exhibit 6), and the Original Tattoo from a photograph of Mr. Tyson are displayed side-by-side below.

**ANSWER:** Warner Bros. admits that a copy of an advertising poster for the Movie is attached to the Verified Complaint as Exhibit 6, and that what appear to be a close-up of Mr. Helms as he appears in the poster and a photo of Mr. Tyson, including Mr. Tyson's tattoo, are shown side-by-side below Paragraph 14 in the Verified Complaint. Warner Bros. denies the remaining allegations in Paragraph 14, and in particular denies that the "tattoo" that appears on Mr. Helms's face in the Movie was "pirated."

15. On information and belief, the Pirated Tattoo is a recurring device and plays an important role in the plot of the Movie.

**ANSWER:** Warner Bros. admits that Ed Helms's "tattoo" plays a role in the plot of the Movie, but denies the remaining allegations in Paragraph 15, including in particular the allegation that the "tattoo" that appears on Mr. Helms's face in the Movie was "pirated."

16. The Pirated Tattoo is prominently featured in the marketing and promotional materials for the Movie as demonstrated by a current movie poster (the "Movie Poster") that defendants are using to advertise the Movie. A true and correct copy of the Movie Poster is attached as Exhibit 6 and reproduced below.

**ANSWER:** Warner Bros. admits that the "tattoo" on Ed Helms's face appears in some of the marketing and promotional materials for the Movie and that a true and correct copy of a

5

poster advertising the Movie is attached to the Verified Complaint as Exhibit 6 and appears in the Verified Complaint below Paragraph 16. Warner Bros. denies that the "tattoo" that appears on Ed Helms's face in the Movie was "pirated" and denies the remaining allegations in Paragraph 16.

   15. At all relevant times, Warner Bros. has had access to the Original Tattoo.[1]

**ANSWER:** Warner Bros. admits that it has had access to Mr. Tyson's tattoo. Further answering, Warner Bros. states that Mr. Tyson appeared, with Mr. Tyson's tattoo, in the first HANGOVER movie, as well as in an advertising poster for the first HANGOVER movie, and that thousands of images of Mr. Tyson, with Mr. Tyson's tattoo, have appeared in magazines, on television and on the internet since February 10, 2003.

   16. There is substantial similarity between the copyrightable expression in the Original Tattoo and the Pirated Tattoo.

**ANSWER:** Warner Bros. admits that Mr. Tyson's tattoo and the "tattoo" that appears on Mr. Helms's face in the Movie are similar, but denies that there is any copyrightable expression in Mr. Tyson's tattoo and denies that the "tattoo" that appears on Ed Helms's face in the Movie was "pirated."

   17. Mr. Whitmill has never been asked for permission for, and has never consented to, the use, reproduction, or creation of a derivative work based on his Original Tattoo, including the Pirated Tattoo. Nor has he ever been asked or agreed to the public display and distribution of a motion picture containing the Pirated Tattoo, or to the use of any of his other exclusive rights in the Original Tattoo under the Copyright Act.

**ANSWER:** Warner Bros. denies the allegations in Paragraph 17.

---

[1] In the Verified Complaint, paragraphs 15 and 16 are followed by another paragraph numbered 15 and then another paragraph numbered 16.

6

18. Warner Bros. has already infringed Mr. Whitmill's copyright through its unauthorized copying, distribution and public display of the Pirated Tattoo in advertising and promotion for the Movie and by making an unauthorized derivative work – namely, the Pirated Tattoo – that is based upon and copies virtually all of the copyrightable subject matter of the Original Tattoo.

**ANSWER:** Warner Bros. denies the allegations in Paragraph 18.

19. If not enjoined, Warner Bros. will continue to infringe Mr. Whitmill's copyright by using the Pirated Tattoo to advertise, market, and promote the Movie; by releasing the Movie and otherwise distributing or licensing others to distribute the Movie in various formats and distribution channels; and, by distributing or licensing derivative works that include the Pirated Tattoo.

**ANSWER:** Warner Bros. denies the allegations in Paragraph 19.

20. Defendant's conduct constitutes, at the very least, reckless copyright infringement in disregard of the rights of Mr. Whitmill.

**ANSWER:** Warner Bros. denies the allegations in Paragraph 20.

21. These wrongful acts of defendant have caused irreparable injury to Mr. Whitmill, and unless this Court restrains defendant from further use of the Pirated Tattoo, Mr. Whitmill will continue to suffer irreparable injury for which he has no adequate remedy at law.

**ANSWER:** Warner Bros. denies the allegations in Paragraph 21.

22. As a direct and proximate result of defendant's wrongful acts, defendant has been and will continue to be unjustly enriched, and Mr. Whitmill has suffered and will continue to suffer damages in an amount not yet fully determined.

**ANSWER:** Warner Bros. denies the allegations in Paragraph 22.

## ADDITIONAL DEFENSES

1. Mr. Tyson's tattoo is not copyrightable because it is not sufficiently original or creative.

2. Plaintiff does not own any protectable rights in Mr. Tyson's tattoo because tattoos on the skin are not copyrightable.

3. Plaintiff does not own any rights in Mr. Tyson's tattoo because Mr. Tyson, not plaintiff, is the owner of the tattoo.

4. Plaintiff does not own any exclusive rights in Mr. Tyson's tattoo because Mr. Tyson is a co-owner of the tattoo.

5. Plaintiff lacks standing to sue as he is not the owner of a copyright in Mr. Tyson's tattoo.

6. Mr. Tyson's tattoo is an unauthorized derivative work not entitled to copyright protection under Section 103 of the Copyright Act.

7. Warner Bros.' use of Mr. Tyson's tattoo in THE HANGOVER and THE HANGOVER: PART II was authorized by Mr. Tyson pursuant to Mr. Tyson's implied license from plaintiff.

8. Plaintiff is estopped from asserting a claim for copyright infringement against Warner Bros. based on Warner Bros.' use of Mr. Tyson's tattoo in THE HANGOVER: PART II because he failed to take any action with respect to the use of Mr. Tyson's tattoo in THE HANGOVER.

9. Plaintiff's claim is barred by laches because he failed to take any action with respect to the use of Mr. Tyson's tattoo in THE HANGOVER.

10. Warner Bros. has an implied license from plaintiff to use Mr. Tyson's tattoo in THE HANGOVER: PART II.

11. Plaintiff has unclean hands because he is infringing Warner Bros.' copyrights, including Warner Bros.' copyright in the movie THE DARK KNIGHT.

12. Warner Bros.' use of Mr. Tyson's tattoo in THE HANGOVER: PART II is a fair use under the Copyright Act.

13. Warner Bros.' use of Mr. Tyson's tattoo in THE HANGOVER: PART II is protected by the First Amendment to the United States Constitution.

14. Plaintiff cannot recover statutory damages or attorneys' fees because Warner Bros.' allegedly infringing use of Mr. Tyson's tattoo commenced before plaintiff registered his claimed copyright in Mr. Tyson's tattoo.

15. The release attached to the Verified Complaint as Exhibit 3 is void as against public policy.

16. The release attached to the Verified Complaint as Exhibit 3 is unconscionable and therefore unenforceable.

Dated: May 20, 2011                    Respectfully submitted,

    /s/ Sondra A. Hemeryck
Frederick J. Sperling
Sondra A. Hemeryck
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606
Phone: 312-258-5500
Fax:    312-258-5600
fsperling@schiffhardin.com
shemeryck@schiffhardin.com

and

Mark Sableman, #36276MO
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, Missouri 63101
Phone: 314-552-6000
Fax:     314-552-7000
msableman@thompsoncoburn.com

Attorneys for Defendant
Warner Bros. Entertainment, Inc.

## Verification

I, Richard Levin, being first duly sworn, state as follows:

I am employed by Warner Bros. Entertainment Inc. as Senior Vice President and General Counsle and am authorized to make this verification on its behalf.

I certify under penalties of perjury that the factual statements in the foregoing Verified Answer are true and correct to the best of my knowledge, information and belief. With respect to statements contained in the foregoing Verified Answer as to which I do not have personal knowledge, I have relied in making this verification on information provided by employees of Warner Bros. who do have such knowledge.

_____
**Richard Levin**


SUBSCRIBED AND SWORN to before me this _____ day of May, 2011.     *SEE JURAT ATTACHED*

_____
NOTARY PUBLIC

My commission expires:

# CALIFORNIA JURAT WITH AFFIANT STATEMENT

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

1. _____
2. _____
3. _____
4. _____
5. _____
6. _____

_____        _____
Signature of Document Signer No. 1         Signature of Document Signer No. 2 (if any)

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 15th day of May, 2011, by

(1) Richard Levin,
    Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me (.) (,)

(and

(2) _____,
    Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me.)

Signature _Barbara Ann Williams_
          Signature of Notary Public

BARBARA ANN WILLIAMS
COMM. # 1889057
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires June 9, 2014

Place Notary Seal Above

———————————— OPTIONAL ————————————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

RIGHT THUMBPRINT OF SIGNER #1
Top of thumb here

RIGHT THUMBPRINT OF SIGNER #2
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5910   Reorder: Call Toll-Free 1-800-876-6827