IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| S. VICTOR WHITMILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 4:11-cv-752 CDP |
| ) | |
| WARNER BROS. ENTERTAINMENT INC., ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY OF DAVID NIMMER

Plaintiff S. Victor Whitmill respectfully requests that this Court exclude the purported "expert testimony" of David Nimmer at the hearing on Plaintiff's Motion for Preliminary Injunction, and strike his 32-page "Declaration," on the grounds that this testimony is nothing more than thinly disguised legal argument and an attempt to circumvent the Court's already generous 40-page limit for Defendant's brief, and is therefore improper and inadmissible expert testimony. In support of this Motion, Plaintiff states as follows:

1. On Friday, May 20, 2011, Defendant Warner Bros. filed a 40-page Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction [doc. 29], after requesting and receiving leave to file a brief in excess of the Court's standard 15-page limit. LR 7-4.01(B).

2. In addition, Defendant also attached a 32-page "Declaration" from David Nimmer, a law professor and practicing attorney in Los Angeles, California. This declaration followed Defendant's witness list [doc. 26], which identified Professor Nimmer and stated that "[h]e will offer expert testimony that it is not possible to own a copyright created on another human being."

3. While its form bears the title "Declaration" and includes a statement at the end that "the foregoing is true and correct" "under penalty of perjury of the laws of the United States", its substance is 72 numbered paragraphs of entirely legal argument. This is not surprising given that Professor Nimmer was retained by Warner Bros. through the Law Firm of Irell & Manella LLP, with whom he is affiliated.

4. This Court's specific requirements clearly state that "Expert witnesses are not allowed to opine on the law." Catherine D. Perry, Requirements at ¶ 13(f).

5. Counsel for Plaintiff provided a copy of this Court's Requirements regarding expert testimony on the law to Defendant's counsel, including local counsel, via email at 12:47 p.m. on Friday, less than two hours after receiving Defendant's witness list, informing them that Plaintiff intended to file a Motion to Exclude and giving them an opportunity to reconsider Professor Nimmer's testimony and mitigate any costs associated with Professor Nimmer's travel. Defendant's counsel made no reply to this email.

6. The well-established law of this Circuit is entirely consistent with this Court's Requirements regarding the exclusion of expert testimony on the law. *See, e.g.*, *Police Ret. Sys. of St. Louis v. Midwest Inv. Advisory Serv., Inc.*, 940 F.2d 351, 357 (8th Cir. 1991) (". . . one of the defendants' experts, Lee Pickard, a former head of the Securities and Exchange Commission's Division of Market Regulations and a lawyer, was allowed to explain the reach and meaning of § 28(e) to the jury. This was error. Explaining the law is the judge's job. Pickard's extensive law-related expert testimony allowed him to usurp the judge's place."); *Farmland Indus. v. Frazier-Parrott Commodities, Inc.*, 871 F.2d 1402, 1409 (8th Cir. 1989) ("[W]e have no doubt that the district court acted properly in ruling that Farmland's expert witness could not testify regarding the requirements of law."); *Williams v. Wal-Mart Stores, Inc.*, 922 F.2d 1357, 1360 (8th Cir.

1990) (expert testimony should be exluded "if it so couched in legal conclusions that it supplies the fact finder with no information other than what the witness believes the verdict should be."); *Hogan v. Am. Tel. & Tel. Co.*, 812 F.2d 409, 411 (8th Cir. 1987) ("Opinion testimony is not helpful to the factfinder if it is couched as a legal conclusion.").

7. Professor Nimmer's Declaration contains pages and pages of legal citation and his own evolving opinion of what copyright law should be — all of which is permissible legal argument for counsel to make, but none of which is permissible expert testimony.

8. Paragraph 25 of Professor Nimmer's Declaration is a representative example of his entirely legal opinions and affected judicial tone:

> 25. For all these reasons, human flesh cannot serve as the "medium of expression" that Congress intended to embody legally protectable authorship. For that reason, plaintiff's claim of copyright over a tattoo on Mike Tyson's body must be summarily rejected.

Nimmer Declaration [doc. 29, Ex. 6] at ¶ 25.

9. Similarly, paragraphs 70 and 72 of Professor Nimmer's Declaration sum up his legal conclusions — also very much in the voice of a judge:

> 70. For all these reasons, the count alleging copyright infringement in this case is fatally deficient.
> . . . .
> 72. In any event, the Copyright Act as it stands today — not having been amended to expressly grant protection to tattoos — affords no copyright protection to that subject matter. For that reason, plaintiff Whitmill's case fails.

Nimmer Declaration [doc. 29, Ex. 6] at ¶¶ 70, 72.

10. Professor Nimmer's Declaration is nothing more than a preliminary draft of his most recent law review article. Defendant's witness statement makes it clear that it intends to put Professor Nimmer on the witness stand for the sole purpose of lecturing this Court on his opinion

of what copyright law should be. Accordingly, neither the Declaration nor Professor Nimmer's testimony should be permitted.

11.     Professor Nimmer's "testimony" should also be excluded for the practical reason that it unnecessarily lengthens an expedited proceeding under difficult time constraints.

WHEREFORE, Plaintiff respectfully requests that this Court exclude David Nimmer as an expert witness in this case, and also exclude his 32-page Declaration [doc. 29, Ex. 6].

DATED:  May 23, 2011

>                                Respectfully submitted,
>
>                                /s/ *Pete Salsich III*
>                                Michael A. Kahn (#35411MO)
>                                mkahn@brickhouselaw.com
>                                Pete Salsich III (#44886MO)
>                                psalsich@brickhouselaw.com
>                                Geoff G. Gerber (#47097MO)
>                                ggerber@brickhouselaw.com
>                                **The BrickHouse Law Group**
>                                   PROFESSIONAL CORPORATION
>                                1006 Olive Street, Ste. 303
>                                St. Louis, Missouri 63101-2048
>                                Tel: (314) 932-1070
>
>                                Attorneys for plaintff

4

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the foregoing document was served via the Court's electronic filing system on this 23rd day of May, 2011 on all counsel of record, and by electronic mail upon the following.

Frederick J. Sperling
fsperling@schiffhardin.com
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, IL  60606-6473
(312) 258-5500
(312) 258-5600 (facsimile)

               */s/ Pete Salsich III*
               *Attorney for Plaintiff*
               *S. Victor Whitmill*