UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| S. VICTOR WHITMILL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | )   Case No. 4:11CV752 CDP |
| | ) |
| WARNER BROS. | ) |
| ENTERTAINMENT INC., | ) |
| | ) |
|     Defendant. | ) |

**CASE MANAGEMENT ORDER - TRACK 1: EXPEDITED**

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri,

**IT IS HEREBY ORDERED** that the following expedited schedule shall apply to this case, and will be modified only upon a showing of exceptional circumstances:

    **I.**    **SCHEDULING PLAN**

    1.    This case has been assigned to Track 1 (Expedited).

    2.    The parties have agreed to mediate this case on **June 17, 2011** and to informally exchange information in advance of the mediation, so I am not entering an order referring this case to mediation at this time.  However, I may order the parties to mediation in the future if this mediation is not successful.

3. Disclosure shall proceed in the following manner:

(a) The parties shall make all disclosures required by Rule 26(a)(1), Fed.R.Civ.P., no later than **June 22, 2011**. Further discovery shall be conducted in accordance with the Federal Rules of Civil Procedure, except that, upon receiving a request for documents or other written discovery, including interrogatories, the responding party must serve its response, including any objections, **within (15) fifteen days**.

(b) The party bearing the burden of proof on an issue shall disclose all expert witnesses on that issue and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **September, 30 2011**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **October 14, 2011**. The opposing party shall disclose its expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **October 21, 2011**, and shall make these experts available for depositions, and have depositions completed, no later than **November 4, 2011**.

(c) The presumptive limits of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed.R.Civ.P., and twenty-five (25) interrogatories per party as set forth in Rule 33(a), Fed.R.Civ.P., shall apply.

(d) The parties shall complete all fact discovery in this case no later than **September 30, 2011** and shall complete all discovery no later than **November 4, 2011**.

(e) Motions to compel shall be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above.

4. Any motions to dismiss, for summary judgment, motions for judgment on the pleadings, or motions to exclude or limit expert testimony under *Daubert* or for any other reason must be filed no later than **November 14, 2011**.  Opposition briefs shall be filed no later than **December 5, 2011** and any reply brief may be filed no later than **December 12, 2011**.

**II. ORDER RELATING TO TRIAL**

This action is set for a **JURY** trial on **Tuesday, February 21, 2012**, at **8:30 a.m.**  This is a **2** week docket.

Pursuant to Local Rule 8.04 the court may tax against one or all parties the per diem, mileage, and other expenses of providing a jury for the parties, when the case is terminated or settled by the parties at a time too late to cancel the jury attendance or to use the summoned jurors in another trial, unless good cause for the delayed termination or settlement is shown.

**In this case, unless otherwise specified, the attorneys shall, no later than February 6, 2012:**

1. **Stipulation:** Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

2. **Witnesses:**

    (a) Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

    (b) Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3. **Exhibits:**

    (a) Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate

the business record by affidavit or declaration pursuant to Fed.R.Evid. 902(11) or 902(12).

(b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed.R.Evid. 902(11)or 902(12), to opposing counsel for examination.  Prior to trial, the parties shall file written objections to any exhibits no later than **February 13, 2012**.  The parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall submit a joint list to the Court of all exhibits which may be received without objection or further foundation no later than **February 17, 2012**.

(c) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order.  Any objections not made in writing by **February 13, 2012** may be considered waived.

**4.**     **Depositions, Interrogatory Answers, and Request for Admissions:**

(a) Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence.  No later than **February 13, 2012**, opposing counsel shall state in writing

any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

(b) Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order.  Any objections not made as above required may be considered waived.

5. **Instructions:** Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts no later than **February 6, 2012**, reserving the right to submit requests for additional or modified instructions in light of opposing party's requests for instructions.  (Each request must be supported by at least one pertinent citation.)

6. **Trial Brief:** Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

7. **Motions In Limine:** File all motions in limine to exclude evidence no later than **February 13, 2012**.

Failure to comply with any part of this order may result in the imposition of sanctions.

**IT IS FURTHER ORDERED** that plaintiff's emergency motions for an expedited scheduling conference and expedited discovery [## 47, 50] are DENIED.

*[signature: Catherine D. Perry]*

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of June, 2011.